IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2021 OCT 25  P 4: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Tonya Smith, )
)
Plaintiff, )
)
v. ) No. 3:21-cv-715
)
Midland Credit Management, Inc., a )
Kansas corporation, )
)
Defendant. ) Jury Demanded

## COMPLAINT

Plaintiff, Tonya Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Tonya Smith ("Smith"), is a citizen of the State of Alabama, residing in the Middle District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Comenity Bank credit card.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

1

consumer debts that it did not originate. MCM operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6.     Defendant MCM is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant MCM conducts business in Alabama.

## FACTUAL ALLEGATIONS

7.     Due to financial difficulties, Ms. Smith was unable to pay her debts, including a debt she allegedly owed to Comenity Bank. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant MCM, which attempted to collect this debt from her via negative credit reporting. Unsure about Defendant MCM, and unsure about the debt, Ms. Smith consulted with counsel about her debt issues and the debt that MCM was trying to collect.

8.     Accordingly, Ms. Smith's attorney wrote to Defendant MCM, via letters dated August 13, 2021, and August 16, 2020, to notify it that Ms. Smith was represented by counsel, and that she disputed the debt that MCM was trying to collect. Copies of these letters are attached as Group Exhibit B.

9. These letters were sent via U.S. First Class Mail to Defendant's address and were not returned by the Post Office as undeliverable.

10. On October 13, 2021, Ms. Smith obtained and reviewed a copy of her TransUnion and Experian credit reports, which showed that Defendant MCM had continued to report the Comenity Bank debt she allegedly owed but had failed to note that the debt was disputed. The pertinent parts of Ms. Smith's TransUnion and Experian credit reports are attached as Group Exhibit C.

11. As a result of Defendant's failure to note that the debt was disputed, when it continued to report the debt to TransUnion and Experian, Ms. Smith was forced to take an action to her detriment, by taking the time and expense of having her attorney send Defendant yet another letter, reminding Defendant that she had disputed the debt that it was reporting. A copy of this letter is attached as Exhibit D.

12. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Smith, negatively impacted her credit score, caused her to act to her detriment, and cost her out-of-pocket expenses.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section …. including the failure to communicate that a disputed debt is disputed …"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive, or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

18. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

22. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Tonya Smith, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Smith, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Tonya Smith, demands trial by jury.


Tonya Smith,

By: _/s/_____
One of Plaintiff's Attorneys

By: _/s/_____
One of Plaintiff's Attorneys

Dated: October 22, 2021

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane, Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

David J. Philipps   (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps   (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com